IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| David Barnett, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 15 C 9140 |
| City of Cicero and Cicero Police Officer Sirgedas, Star # 202, | ) ) ) ) | Judge Darrah |
|     Defendants. | ) | **JURY DEMANDED** |

### FIRST AMENDED COMPLAINT

NOW COMES the plaintiff, DAVID BARNETT, by and through his attorneys, Walters O'Brien Law Offices, and complaining of the Defendants, CITY OF CICERO and CICERO POLICE OFFICER SIRGEDAS, states as follows:

### Introduction

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 to redress wrongs perpetrated by the Cicero Police Officer Defendant under color of law that deprived Plaintiff of rights secured by the Constitution and laws of the United States.

### Jurisdiction and Venue

2. The events purported herein all occurred in the Northern District of Illinois, and upon information and belief, all parties to the case reside within the Northern District of Illinois.

### Parties

3. The Plaintiff, David Barnett, is a United States citizen who lives in Cook County, Illinois.

4. The individual Defendant Police Officer Sirgedas was at the time of this occurrence, a duly licensed City of Cicero Police Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

5. Defendant City of Cicero, ("City") is a municipal corporation duly incorporated under the laws

1

of the State of Illinois, and is the employer and principal of the individual police officer defendant.

## Facts

6. On April 6, 2015, Plaintiff David Barnett was driving his car with four friends as passengers.

7. Mr. Barnett stopped by his apartment and pulled his car up to the curb.

8. Mr. Barnett went inside of the apartment with one friend briefly, leaving his other three friends in the car.

9. Minutes later, Mr. Barnett returned outside. He found Defendant police officers standing outside his vehicle with his three friends.

10. Mr. Barnett asked Defendant Officer what was going on.

11. Defendant Officer responded by asking Mr. Barnett if he owned the vehicle.

12. When Mr. Barnett replied that he did, Defendant Officer informed Mr. Barnett that he was under arrest.

13. Mr. Barnett asked why he was being arrested.

14. Defendant Officer grabbed Mr. Barnett's arm, pulled him by it, and slammed him into the trunk of the vehicle, injuring Mr. Barnett's arm.

15. Mr. Barnett went to Rush Hospital where he underwent treatment and testing for his injured left arm.

16. Mr. Barnett was diagnosed with a muscle strain and prescribed pain medication.

17. Mr. Barnett has since been receiving physical therapy to treat the injury, which continues to cause him pain.

## Count I
## 42 U.S.C. Section 1983 Violations — Excessive Force

18. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

19. The actions of the Defendant Officer constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

20. As a proximate result of the above-detailed actions of Defendant, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, panic and anxiety attacks, and fear.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment for compensatory damages against the Defendant Officer, and because the Defendant acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count II
### Battery

21. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

22. As further described above, Defendant Officer Sirgedas, without any legal justification, pulled Plaintiff's arm with an unnecessary and unreasonable amount of force.

23. The Defendant's conduct described above was intended to cause a harmful or offensive contact with the Plaintiff, and harmful contact with the Plaintiff did directly result.

24. As a direct and proximate result of the malicious actions of the Defendant, Plaintiff was injured, including sustaining significant injuries, medical bills, loss of freedom, humiliation, embarrassment, the deprivation of his constitutional rights and his dignity, anxiety, and extreme emotional distress.

25. The City of Cicero is sued in this Count pursuant to the doctrine of respondeat superior, in that the Defendant Officer performed the actions complained of while on duty and in the employ of Defendant City and while acting within the scope of this employment.

WHEREFORE, Plaintiff demands judgment against the defendants, Defendant Officer and The City of Cicero, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count III
## 745 ILCS 10/9-102 – Indemnity

26. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

27. Defendant City of Cicero is or was the employer of the Defendant Officer.

28. Defendant committed the acts alleged above under color of law and in the scope of his employment as an employee of the City of Cicero.

WHEREFORE, should the Defendant Officer be found liable on the claim set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Cicero be found liable for any judgment Plaintiff obtains against said Defendant, as well as attorneys' fees and costs awarded.

**Plaintiff Demands Jury Trial.**

Respectfully Submitted,

　s/ John O'Brien
John O'Brien

Walters O'Brien Law Offices
800 W. Huron Street, Suite 4E
Chicago, IL 60642
312-428-5890