IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15 C 9140 |
| ) | |
| CITY OF CICERO AND CICERO POLICE ) | Judge Darrah |
| OFFICER SIRGEDAS, STAR #202, ) | |
| ) | |
| Defendants. ) | |

### THE TOWN OF CICERO'S ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT

NOW COMES, the Defendant, TOWN OF CICERO (the "Town"), by and through its attorney, K. Austin Zimmer of Del Galdo Law Group, LLC, and in answer to the Plaintiff's Complaint, states as follows:

### INTRODUCTION

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 to redress wrongs perpetrated by the Cicero Police Officer Defendant under color of law that deprived Plaintiff of rights secured by the Constitution and laws of the United States.

**ANSWER: The Town admits the existence of 42 U.S.C. § 1983. The Town denies the interpretation of 42 U.S.C. § 1983 as is stated in paragraph No. 1, and the Town further denies the remaining allegations contained in Paragraph No. 1.**

### JURISDICTION AND VENUE

2. The events purported herein all occurred in the Northern District of Illinois, and upon information and belief, all parties to the case reside within the Northern District of Illinois.

**ANSWER: The Town admits the allegations contained in Paragraph No. 2.**

## PARTIES

3. The Plaintiff, David Barnett, is a United States citizen who lives in Cook County, Illinois.

**ANSWER:** **The Town lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 3.**

4. The individual Defendant Police Officer Sirgedas was at the time of this occurrence, a duly licensed City of Cicero Police Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

**ANSWER:** **The Town admits the allegations contained in Paragraph No. 4.**

5. Defendant City of Cicero, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the individual police officer defendant.

**ANSWER:** **The Town admits the allegations contained in Paragraph No. 5.**

## FACTS

6. On April 6, 2015, Plaintiff David Barnett was driving his car with four friends as passengers.

**ANSWER:** **The Town lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 6.**

7. Mr. Barnett stopped by his apartment and pulled his car up to the curb.

**ANSWER:** **The Town lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 7.**

8. Mr. Barnett went inside of the apartment with one friend briefly, leaving his other three friends in the car.

**ANSWER:** **The Town lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 8.**

9. Minutes later, Mr. Barnett returned outside. He found Defendant police officers standing outside his vehicle with his three friends.

**ANSWER:** **The Town admits that on April 7, 2015, officers from the Town stood outside a parked vehicle. The Town lacks sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph No. 9.**

10. Mr. Barnett asked Defendant Officer what was going on.

**ANSWER:** **The Town lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 10.**

11. Defendant Officer responded by asking Mr. Barnett if he owned the vehicle.

**ANSWER:** **The Town lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 11.**

12. When Mr. Barnett replied that he did, Defendant Officer informed Mr. Barnett that he was under arrest.

**ANSWER:** **The Town lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 12.**

13. Mr. Barnett asked why he was being arrested.

**ANSWER:** **The Town lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 13.**

14. Defendant Officer grabbed Mr. Barnett's arm, pulled him by it, and slammed him into the trunk of the vehicle, injuring Mr. Barnett's arm.

**ANSWER:** **The Town denies the allegations contained in Paragraph No. 14.**

15. Mr. Barnett went to Rush Hospital where he underwent treatment and testing for his injured left arm.

**ANSWER:** **The Town lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 15.**

16. Mr. Barnett was diagnosed with a muscle strain and prescribed pain medication.

**ANSWER:** **The Town lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 16.**

17. Mr. Barnett has since been receiving physical therapy to treat the injury, which continues to cause him pain.

**ANSWER:** **The Town lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 17.**

## COUNT I
### 42 U.S.C. Section 1983 Violations–Excessive Force

The allegations contained in Count I of the Plaintiff's Complaint are directed at OFFICER SIRGEDAS; therefore, Defendant, TOWN OF CICERO, makes no answer to Count I of the Plaintiff's Complaint. To the extent that the allegations contained in Count I of the Plaintiff's Complaint are construed against the Defendant, TOWN OF CICERO, the Defendant, TOWN OF CICERO, denies said allegations.

## COUNT II
### Battery

21. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:** **The Town incorporates its answers to paragraphs one through seventeen (1-17), above, as its answer to paragraph No. 21, as if set for fully herein.**

22. As further described above, Defendant Officer Sirgedas, without any legal justification, pulled Plaintiff's arm with an unnecessary and unreasonable amount of force.

**ANSWER:** **The Town denies the allegations contained in Paragraph No. 22.**

23. The Defendant's conduct described above was intended to cause a harmful or offensive contact with the Plaintiff, and harmful contact with the Plaintiff did directly result.

**ANSWER:** **The Town denies the allegations contained in Paragraph No. 23.**

24. As a direct and proximate result of the malicious actions of the Defendant, Plaintiff was injured, including sustaining significant injuries, medical bills, loss of freedom, humiliation, embarrassment, the deprivation of his constitutional rights and his dignity, anxiety, and extreme emotional distress.

**ANSWER:** **The Town denies the allegations contained in Paragraph No. 24.**

25. The City of Cicero is sued in this Count pursuant to the doctrine of *respondeat superior*, in that the Defendant Officer performed the actions complained of while on duty and in the employ of Defendant City and while acting within the scope of this employment.

**ANSWER:** **The Town objects to the allegations contained in Paragraph No. 25, because said allegations call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.**

WHEREFORE, the Defendant, TOWN OF CICERO, hereby seeks dismissal of Count II of the Plaintiff's Complaint, and for such other relief as this Court deems just and proper.

### COUNT III
### 745 1LCS 10/9-102 -Indemnity

26. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:** **The Town incorporates its answers to paragraphs one through twenty-five (1-25), above, as its answer to paragraph No. 26, as if set for fully herein.**

27. Defendant City of Cicero is or was the employer of the Defendant Officer.

**ANSWER:** **The Town admits the allegations contained in Paragraph No. 27.**

28. Defendant committed the acts alleged above under color of law and in the scope of his employment as an employee of the City of Cicero.

**ANSWER:** **The Town admits that Officer SIRGEDAS acted under color of law and within the scope of his employment as an employee of the Town during the timeframe alleged. The Town denies that Officer SIRGEDAS committed any acts of wrongdoing.**

WHEREFORE, the Defendant, TOWN OF CICERO, hereby seeks dismissal of Count III of the Plaintiff's Complaint, and for such other relief as this Court deems just and proper.

                Respectfully Submitted,
                TOWN OF CICERO


                By: /s/ *K. Austin Zimmer*
                    K. Austin Zimmer

K. Austin Zimmer (#6276227)
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, IL 60402
(708) 222-7000
(708) 222-7001 FAX

6

**AFFIRMATIVE DEFENSES**

THE TOWN OF CICERO, by and through its attorney, K. Austin Zimmer of Del Galdo Law Group, LLC, and hereby sets forth its affirmative defenses to the Plaintiff's Complaint, as follows:

1. At all times relevant hereto, there was in effect in Illinois, a statute commonly known as the Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/1-101, et seq.

2. Under the Tort Immunity Act, the Town, a local public entity, is not liable if its employees or agents are not liable to the Plaintiff. 745 ILCS 10/2-109. Accordingly, the Plaintiff's claims against the Town are barred, in whole or in part, by the Tort Immunity Act.

3. Under the Tort Immunity Act, the Town, a local public entity, is not liable because a public employee is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204. Accordingly, the Plaintiff's claims against the Town are barred, in whole or in part, by the Tort Immunity Act.

4. Under the Tort Immunity Act, the Town, a local public entity, is not liable because a public employee is not liable for his/her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202. Accordingly, the Plaintiff's claims against the Town are barred, in whole or in part, by the Tort Immunity Act.

5. Under the Tort Immunity Act, the Town, a local public entity, is not liable because the individual Defendant Officer exercised discretion on a non-ministerial matter and is not liable for any resulting injuries. 745 ILCS 10/2-201. Accordingly, the Plaintiff's claims against the Town are barred, in whole or in part, by the Tort Immunity Act.

6. To the extent that the Plaintiff is entitled to any damages, which the Town expressly denies, the Plaintiff failed to use reasonable efforts to mitigate those damages, and the Plaintiff's damages, if proven, should be eliminated or reduced accordingly.

7. There is no *respondeat superior* liability for claims premised upon 42 U.S.C. § 1983 because no official policy or custom of the Town was the cause of any of the Plaintiff's alleged constitutional violations; therefore, the Plaintiff's claims against the Town are barred, in whole or in part, by *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978).

8. To the extent any injuries or damages claimed by the Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton, and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by the Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to the Plaintiff by the jury in this case, and, if the Plaintiff's fault is determined to exceed fifty percent (50%) of the total cause, then the Plaintiff must be barred from recovery herein.

WHEREFORE, the Defendant, TOWN OF CICERO, requests judgment in its favor and against the Plaintiff with costs assessed against the Plaintiff and in favor of TOWN OF CICERO, and for such other relief as this Court deems just and proper.

8

Respectfully Submitted,
TOWN OF CICERO

By: /s/ *K. Austin Zimmer*
K. Austin Zimmer

K. Austin Zimmer (#6276227)
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, IL 60402
(708) 222-7000
(708) 222-7001 FAX

9