IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID BARNETT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF CICERO AND CICERO POLICE ) <br> OFFICER SIRGEDAS, STAR # 202, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. 15 C 9140 <br><br> Judge Darrah |

### OFFICER SIRGEDAS' ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT

OFFICER SIRGEDAS by and through his attorney, K. Austin Zimmer of Del Galdo Law Group, LLC, in answer to the Plaintiff's Complaint, states as follows:

### INTRODUCTION

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 to redress wrongs perpetrated by the Cicero Police Officer Defendant under color of law that deprived Plaintiff of rights secured by the Constitution and laws of the United States.

**ANSWER:** **Officer Sirgedas admits the existence of 42 U.S.C. § 1983. Officer Sirgedas denies the interpretation of 42 U.S.C. § 1983 as is stated in paragraph No. 1, and Officer Sirgedas further denies the remaining allegations contained in Paragraph No. 1.**

### JURISDICTION AND VENUE

2. The events purported herein all occurred in the Northern District of Illinois, and upon information and belief, all parties to the case reside within the Northern District of Illinois.

**ANSWER:** **Officer Sirgedas admits the allegations contained in Paragraph No. 2.**

## PARTIES

3. The Plaintiff, David Barnett, is a United States citizen who lives in Cook County, Illinois.

**ANSWER:** **Officer Sirgedas lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 3.**

4. The individual Defendant Police Officer Sirgedas was at the time of this occurrence, a duly licensed City of Cicero Police Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

**ANSWER:** **Officer Sirgedas admits the allegations contained in Paragraph No. 4.**

5. Defendant City of Cicero, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the individual police officer defendant.

**ANSWER:** **Officer Sirgedas admits the allegations contained in Paragraph No. 5.**

## FACTS

6. On April 6, 2015, Plaintiff David Barnett was driving his car with four friends as passengers.

**ANSWER:** **Officer Sirgedas lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 6.**

7. Mr. Barnett stopped by his apartment and pulled his car up to the curb.

**ANSWER:** **Officer Sirgedas lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 7.**

8. Mr. Barnett went inside of the apartment with one friend briefly, leaving his other three friends in the car.

**ANSWER:** **Officer Sirgedas lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 8.**

9. Minutes later, Mr. Barnett returned outside. He found Defendant police officers standing outside his vehicle with his three friends.

**ANSWER:** **Officer Sirgedas admits that on April 7, 2015, officers from the TOWN OF CICERO stood outside a parked vehicle. Officer Sirgedas lacks sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph No. 9.**

10. Mr. Barnett asked Defendant Officer what was going on.

**ANSWER:** **Officer Sirgedas denies the allegations contained in Paragraph No. 10.**

11. Defendant Officer responded by asking Mr. Barnett if he owned the vehicle.

**ANSWER:** **Officer Sirgedas denies the allegations contained in Paragraph No. 11.**

12. When Mr. Barnett replied that he did, Defendant Officer informed Mr. Barnett that he was under arrest.

**ANSWER:** **Officer Sirgedas denies the allegations contained in Paragraph No. 12.**

13. Mr. Barnett asked why he was being arrested.

**ANSWER:** **Officer Sirgedas denies the allegations contained in Paragraph No. 13.**

14. Defendant Officer grabbed Mr. Barnett's arm, pulled him by it, and slammed him into the trunk of the vehicle, injuring Mr. Barnett's arm.

**ANSWER:** **Officer Sirgedas denies the allegations contained in Paragraph No. 14.**

15. Mr. Barnett went to Rush Hospital where he underwent treatment and testing for his injured left arm.

**ANSWER:** Officer Sirgedas lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 15.

16. Mr. Barnett was diagnosed with a muscle strain and prescribed pain medication.

**ANSWER:** Officer Sirgedas lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 16.

17. Mr. Barnett has since been receiving physical therapy to treat the injury, which continues to cause him pain.

**ANSWER:** Officer Sirgedas lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 17.

## COUNT I
### 42 U.S.C. Section 1983 Violations–Excessive Force

18. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:** Officer Sirgedas incorporates his answers to paragraphs one through seventeen (1-17), above, as its answer to paragraph No. 18, as if set for fully herein.

19. The actions of the Defendant Officer constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

**ANSWER:** Officer Sirgedas denies the allegations contained in Paragraph No. 19.

20. As a proximate result of the above-detailed actions of Defendant, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, panic and anxiety attacks, and fear.

**ANSWER:** Officer Sirgedas denies the allegations contained in Paragraph No. 20.

WHEREFORE, the Defendant, OFFICER SIRGEDAS, hereby seeks dismissal of Count I of the Plaintiff's Complaint, and for such other relief as this Court deems just and proper.

## COUNT II
### Battery

21. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:** **Officer Sirgedas incorporates his answers to paragraphs one through twenty (1-20), above, as its answer to paragraph No. 21, as if set for fully herein.**

22. As further described above, Defendant Officer Sirgedas, without any legal justification, pulled Plaintiff's arm with an unnecessary and unreasonable amount of force.

**ANSWER:** **Officer Sirgedas denies the allegations contained in Paragraph No. 22.**

23. The Defendant's conduct described above was intended to cause a harmful or offensive contact with the Plaintiff, and harmful contact with the Plaintiff did directly result.

**ANSWER:** **Officer Sirgedas denies the allegations contained in Paragraph No. 23.**

24. As a direct and proximate result of the malicious actions of the Defendant, Plaintiff was injured, including sustaining significant injuries, medical bills, loss of freedom, humiliation, embarrassment, the deprivation of his constitutional rights and his dignity, anxiety, and extreme emotional distress.

**ANSWER:** **Officer Sirgedas denies the allegations contained in Paragraph No. 24.**

25. The City of Cicero is sued in this Count pursuant to the doctrine of *respondeat superior*, in that the Defendant Officer performed the actions complained of while on duty and in the employ of Defendant City and while acting within the scope of this employment.

**ANSWER:** The allegations in Paragraph No. 25 are directed at the TOWN OF CICERO; therefore, Defendant, Officer Sirgedas, makes no answer to Paragraph No. 25 of the Plaintiff's Complaint.

WHEREFORE, the Defendant, OFFICER SIRGEDAS, hereby seeks dismissal of Count II of the Plaintiff's Complaint, and for such other relief as this Court deems just and proper.

## COUNT III
### 745 ILCS 10/9-102 -Indemnity

The allegations contained in Count III of the Plaintiff's Complaint are directed at the TOWN OF CICERO; therefore, Defendant, OFFICER SIRGEDAS, makes no answer to Count III of the Plaintiff's Complaint. To the extent that the allegations contained in Count III of the Plaintiff's Complaint are construed against the Defendant, OFFICER SIRGEDAS, the Defendant, OFFICER SIRGEDAS, denies said allegations.

Respectfully Submitted,
POLICE OFFICER SIRGEDAS

By: /s/ K. Austin Zimmer
K. Austin Zimmer

K. Austin Zimmer (#6276227)
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, IL 60402
(708) 222-7000
(708) 222-7001 FAX

## AFFIRMATIVE DEFENSES

OFFICER SIRGEDAS, by and through his attorney, K. Austin Zimmer of Del Galdo Law Group, LLC, hereby sets forth its affirmative defenses to the Plaintiff's Complaint, as follows:

1. At all relevant times, Officer Sirgedas acted as a police officer for the Town of Cicero and is entitled to qualified immunity for his actions, as he was not acting in his individual capacity.

2. To the extent that the Plaintiff is entitled to any damages, which Officer Sirgedas expressly denies, the Plaintiff failed to use reasonable efforts to mitigate those damages, and the Plaintiff's damages, if proven, should be eliminated or reduced accordingly.

3. To the extent any injuries or damages claimed by the Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton, and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by the Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to the Plaintiff by the jury in this case, and, if the Plaintiff's fault is determined to exceed fifty percent (50%) of the total cause, then the Plaintiff must be barred from recovery herein.

4. At all times relevant hereto, there was in effect in Illinois, a statute commonly known as the Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/1-101, et seq.

5. Under the Tort Immunity Act, a public employee is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204. Accordingly, the

7

Plaintiff's state law claims against Officer Sirgedas are barred, in whole or in part, by the Tort Immunity Act.

6. Under the Tort Immunity Act, a public employee is not liable for his/her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202. Accordingly, the Plaintiff's state law claims against Officer Sirgedas are barred, in whole or in part, by the Tort Immunity Act.

7. Under the Tort Immunity Act, Officer Sirgedas exercised discretion on a non-ministerial matter and is not liable for any resulting injuries. 745 ILCS 10/2-201. Accordingly, the Plaintiff's state law claims against Officer Sirgedas are barred, in whole or in part, by the Tort Immunity Act.

WHEREFORE, the Defendant, OFFICER SIRGEDAS, requests judgment in its favor and against the Plaintiff with costs assessed against the Plaintiff and in favor of OFFICER SIRGEDAS, and for such other relief as this Court deems just and proper.

Respectfully Submitted,
POLICE OFFICER SIRGEDAS

By: /s/ *K. Austin Zimmer*
K. Austin Zimmer

K. Austin Zimmer (#6276227)
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, IL 60402
(708) 222-7000
(708) 222-7001 FAX